SEBRING, Justice.
The appellant, , James H. Overly, in March 1952, filed a bill of complaint for divorce against appellee, Virginia Overly, in Duval County, Florida, on the ground of extreme cruelty. The wife filed affirmative defenses setting up the pendency of a Wisconsin divorce action instituted by her in June 1951 on the same grounds asserted by the plaintiff in the Florida suit. In the Wisconsin proceeding personal service was had upon the appellant, and he filed an answer therein prior to the time he instituted his suit in Florida.
Testimony in the Florida suit was taken before a Master, and on October 17, 1952, he filed his report recommending that a divorce be granted ■ the husband, on the ground that he had established his cause of action and that the mere pendency of the Wisconsin suit for divorce did not preclude the entry of a decree here.
On November 10 a final judgment of divorce in favor of the wife was entered in the cause in' progress in Wisconsin, and on the same date the wife’s attorney in *707 Wisconsin mailed a certified copy of the judgment to the clerk of the circuit court in Duval County, together with letters of transmittal to both the clerk and the judge requesting that said' judgment be considered in the Florida suit. On November 14, at final hearing on Mr. ■ Overly’s exceptions to the master’s report in his suit, the court considered the Wisconsin judgment, filed it in evidence, and entered a final decree dismissing the complaint with prejudice on the ground that the matter of divorce or termination of the marital status between the parties had been adjudicated by the final decree entered in Wisconsin prior to the final hearing in the Florida proceeding.
No attack was made by the plaintiff in the instant case upon the jurisdiction of the Wisconsin court to entertain the suit instituted there. Hence it must be assumed that the Wisconsin court had jurisdiction of both parties to the divorce proceeding brotight in that state. Under such circumstances the foreign decree of divorce is entitled to recognition in Florida under the full faith and credit provision of the federal Constitution. Keener v. Keener, 152 Fla. 13, 11 So.2d 180; Beckwith v. Bailey, 119 Fla. 316, 161 So. 576. “A valid decree of divorce rendered in a jurisdiction other than that in which the subsequent decree is sought is a bar to the subsequent proceedings * * * and the judgment or decree first rendered dissolving the marriage relation concludes the question * * 17 Am.Jur., p. 241. See also Nelson on Divorce, 2nd ed., vol. 3, p. 430, § 33.05, and Sherrer v. Sherrer, 334 U.S. 343, 68 S.Ct. 1087, 92 L.Ed. 1429. Therefore, at least to the extent of the determination of status, the Wisconsin judgment is res judicata as to the marriage relation between the parties.
It is obvious that the facts which barred the plaintiff from prevailing in the present proceeding developed after the pleadings were closed and testimony had been taken before the master. It was only at final hearing on exceptions to the master’s report that the defendant, through her Wisconsin counsel, presented for consideration a certified copy of the prior adjudication. It appears from the record, however, that the Wisconsin judgment was presented in the Florida proceeding at the earliest possible time after its entry. Therefore, the defendant has brought herself within the rule that if a party has had no prior opportunity to plead an estoppel, he will be permitted to give it in evidence at final hearing. See Coffee v. Groover, 20 Fla. 64; Little v. Barlow, 37 Fla. 232, 20 So. 240. We have also held “that upon error brought, where an amendment in matter of form is admissible, the law will presume that it has been made and will give the party entitled to the same the full benefit of it.” Campbell v. Chaffee, 6 Fla. 724. It is therefore not necessary to decide whether the letter from defendant’s counsel, together with certified copy of judgment, constituted a sufficient express amendment of her pleadings.
From the conclusion reached it follows that the plaintiff below was barred from prosecuting his action to successful conclusion by reason of the entry of the Wisconsin decree which was brought to the attention of the Chancellor and put in evidence at final hearing. Accordingly, the decree appealed from should be affirmed, and it is so ordered.
. ROBERTS, C. J., and TERRELL and MATHEWS, JJ., concur. .