### SMITH v. SMITH.
No. 61-C-10530.

Circuit Court, Dade County.
January 26, 1962.

Lebowitz & Beller, Miami Beach, for plaintiff.

Edward N. Moore, Walters, Moore & Costanzo, Miami, for defendant.

PHILLIP GOLDMAN, Circuit Judge.

This cause came on for final hearing, pursuant to notice, on the issues made by the pleadings and defendant's motion to dismiss; ruling upon which had been reserved.

The facts essential to the action herein taken by the court are these —

On October 2, 1961 the plaintiff, Eva Smith, filed in this court a complaint for divorce against the defendant herein, Louis Smith. However, prior to the filing of this action the plaintiff and the defendant had been domiciled in and were residents of California, and while so domiciled, the plaintiff herein filed suit for divorce against the defendant in that state. An interlocutory judgment was entered in that proceeding on October 5, 1960.

It is important to note that in the California proceeding jurisdiction was invoked by the plaintiff and the defendant was personally served, appeared, was represented by counsel and testified.

Thereafter, the defendant applied to the Superior Court of the State of California for a final decree of divorce (which under the provisions of the interlocutory order and the law of California he was permitted to do) and on October 26, 1961 California granted the defendant's motion for entry of a final judgment of divorce.

The final judgment of divorce in California was alleged, and established by competent proof, as a defense to the present action.

The law is well established that a decree of divorce entered by a sister state which has jurisdiction of the parties and the subject matter is entitled to full faith and credit under the provisions of the federal constitution. Art. IV, §1, Constitution of the United States, Overly v. Overly, Fla., 66 So.2d 706. See also 19 Fla. Jur., Judgments and Decrees, §339, et seq.

In the instant case there is absolutely no question but that the California court had jurisdiction over both the subject matter and the parties. As previously noted all parties appeared and participated in the California proceeding. That being so the court is compelled to conclude that the California decree is entitled to full faith and credit and, therefore, this proceeding must be dismissed.

The plaintiff, however, contends that she has the right to attack the California decree because it is defective or in error. Such an attack in this court would constitute a collateral attack upon a judgment of a sister state and is not proper. See 19 Fla. Jur.,

Judgments and Decrees, §382, pp. 430-432, and cases therein collected in the notes.

Having had jurisdiction of the subject matter and of the parties, any error in the California decree must be corrected by the prescribed procedure for the correcting of such errors, to-wit: an appeal in California.

The premises considered, it is accordingly ordered that this cause be and it is hereby dismissed.