Peter A. Quinn, J.
This is a motion for a preliminary injunction pursuant to CPLR 6301, enjoining and restraining defendant Warren Gorman, his agents, and representatives from proceeding in any way whatsoever against the plaintiffs in a certain action entitled ‘ ‘ Warren Gorman against Barbara Stein Tinker et al.”, pending in the Chancery Court of the State of Vermont, Windham County; and for a protective order extending the time of the plaintiffs to serve answers to the interrogatories propounded by defendant Warren Gorman until 15 days after the service of a copy of the order to be entered upon determination of this motion, or, in the alternative, dispensing therewith.
The action here is by three of the children of Edwin Stein, deceased, to impress a constructive trust upon certain real property in Vermont. Edwin Stein died in 1959 and left a will providing for a life interest in the Vermont property, which he had held as tenant by the entirety with his wife, and with the direction that upon her death it should vest in the children. When he died, the Vermont real estate was worth approximately $200,000, and the remainder of the estate was worth at least $2,500,000. Mrs. Stein did not elect to take against the will and acquiesced in her children receiving almost all their father’s estate. Several years later, in 1962, the widow, Mrs. Stein, met and married Dr. Warren Gorman, one of the defendants herein and the person against whom the injunction is sought. A few months after the marriage, Mrs. Gorman transferred approximately $1,800,000 to her children in trust, reserving, however, the income thereof to herself. Thereafter and in September, 1965, she transferred the Vermont real estate to her husband, who first offered it for sale to the children (plaintiffs here), and, upon their refusal to purchase, it was placed on the open market for sale. The present action pending here was instituted in September, 1966, by service upon the Gormans while they were in New York on route to their present home in Arizona.
*675 On January 9, 1967, the defendant Gretchen Stein Gorman moved to dismiss the within complaint for lack of jurisdiction over the subject matter of the action, and this motion was subsequently denied on March 6, 1967.
In the meantime, and on January 16, 1967, Barbara Stein Tinker, a plaintiff here, went to Vermont and obtained a writ of sequestration from the Chancery Court there to prevent disposal of the subject matter of this action, and on February 24, 1967, the defendant Warren Gorman commenced an action in the Chancery Court of the State of Vermont, Windham County, against the plaintiffs here to quiet title to the same real property that is subject of this action. Thereafter the plaintiffs here moved in the Vermont court, to stay the proceedings there, pending determination of the action pending here. On December 19, 1967, an order was entered by the Chancery Court in Vermont denying this stay.
Now comes this motion, the principal portion of which is to obtain the stay already passed upon and denied by a court of apparent equal jurisdiction in another State.
The movants contend that the issues should be determined by the court .in which action was first commenced, and that the defendant Warren Gorman should be restrained from evading the order of this court determining jurisdiction. On the other hand, in opposition it is urged that the determination sustaining jurisdiction in this court did not in any wise pass upon or declare that the courts of Vermont lacked jurisdiction, and that the movants themselves initiated the proceedings in the courts of Vermont and, indeed, sought in the Vermont court the very relief applied for herein.
As is stated in Weinstein-Korn-Miller, N. Y. Civ. Frac. (vol. 7, par. 6301.27, pp. 63-74 — 63-75): “ Because a court’s power to affect litigation in another court is limited to its power to restrain parties over whom it has jurisdiction from commencing or prosecuting an action in another court, one court never actually enjoins another court. Nonetheless, there is little doubt that such a restraining order may be viewed as an encroachment upon the integrity and an interference with the jurisdiction of the court in which the parties have been prohibited from proceeding. Moreover, when an action already has been commenced in another court, an injunction of the type under discussion is an open invitation to the court affected by the restraint to retaliate in kind and issue a counter-injunction, which might lead to an unseemly and potentially insoluble squabble between the courts. In light of these factors, a court *676 rarely will issue an injunction interfering with an action in another court.”
And in Merritt-Chapman & Scott Corp. v. Mutual Benefit Life Ins. Co. (237 App. Div. 70, 74) the court stated: “Nor should courts be overkeen to determine mere precedence in time resting upon a nicety of calculation of hours or minutes. For mere precedence in point of time of serving of process, in and of itself, is not of such controlling importance as to require a court to assume complete control of litigation or to warrant it in issuing an injunction to frustrate pending litigation in another forum which has equal jurisdiction to determine the controversy and grant relief. Equity does not grant such extraordinary relief by way of injunction except upon necessity therefor being made manifest. Rules of comity should prevail between courts and it is not the practice of courts to interfere with proceedings in another court unless they appear to be vexatious or oppressive or instituted to obtain some unjust or inequitable advantage. (Savage v. Allen, 54 N. Y. 458.) The issuance of an injunction upon a tenuous basis must be avoided, for it tends to destroy comity and is productive of conflict between courts. Such an injunction order should rest upon a more substantial basis than the mere time element.”
Since time of commencement of the actions is not a final determinant of jurisdiction of competing forums of litigation, it then must be resolved by the other factors present and, finally, by the 1 ‘ full faith and credit” clause (IT. S. Const., art. IV, § 1), which provides that “ Full Faith and Credit shall be given in each State to the public Acts, Records and judicial Proceedings of every other State.” With respect to that, Justice Jackson of the United States Supreme Court wrote: “ Neither the full faith and credit clause of the Constitution nor the Act of Congress implementing it says anything about final judgments or, for that matter, about any judgments. Both require that full faith and credit be given to 1 judicial proceedings ’ without limitation as to finality. Upon recognition of the broad meaning of that term much may some day depend.” (Barber v. Barber, 323 U. S. 77, 87.)
It cannot be denied, in light of this, that the determination by the court in Vermont denying the stay of the action pending there is one which must be given full faith and credit.
This motion insofar as it seeks a preliminary injunction is denied, and the branch of the motion for an order extending the time of the plaintiffs to serve answers to the interrogatories propounded by defendant Warren Gorman in the within action until 15 days after the service of a copy of the order to be entered hereon, is granted.