289 So.2d 432 (1974)
The HERITAGE CORPORATION OF SOUTH FLORIDA, a Florida corporation, Appellant,
v.
Wm. A. RIVAS, Appellee.
No. 73-279.
District Court of Appeal of Florida, Third District.
January 22, 1974.
Rehearing Denied February 12, 1974.
*433 Leo Greenfield, North Miami and Mitchell D. Aronson, Hollywood, for appellant.
Podhurst, Orseck & Parks and Edward I. Sternlieb, Miami, for appellee.
Before CARROLL, HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
Appellant, defendant in the trial court, seeks review of an adverse summary judgment awarding plaintiff, Rivas, $10,373.08 and finding for Rivas upon the defendant's counterclaim.
In 1967, appellant obtained a default judgment of $750.00 against Rivas, in the Small Claims Court of Dade County. Rivas a resident of Puerto Rico, was served by mail, but did not appear. Thereafter, appellant instituted suit in the District Court of Puerto Rico, seeking to enforce the Dade County judgment. Rivas counterclaimed for $7,155.00
Appellant's claim was dismissed when it failed to post a cost bond, and appellant moved to dismiss Rivas' counterclaim on the ground that the amount claimed exceeded the jurisdiction of the Puerto Rican court. The motion was denied, and Rivas was awarded judgment for $7,155.00, plus costs and $1,000.00 in attorney's fees.
The appellant then took a direct appeal to the Superior Court of Puerto Rico, contending that the District Court had exceeded its jurisdictional limit of $2,500.00 and that appellant had been deprived of equal protection of the laws and due process of law. The Superior Court affirmed the *434 District Court, and assessed costs and attorney's fees of $500.00 against appellant.
Then in 1972 Rivas brought the instant suit in Dade County Circuit Court to enforce his Puerto Rican judgment against the appellant, a Florida corporation. Appellant counterclaimed for $750.00 based upon the 1967 judgment. The trial court entered summary judgment in favor of Rivas upon both his claim and the counterclaim.
Appellant argues that summary judgment was improper because genuine issues of material fact existed with respect to the jurisdiction of the Puerto Rican court, and to the counterclaim made by appellant. We cannot agree.
It is manifestly the rule that a Florida court is not required to recognize a judgment rendered in a sister state when the foreign adjudication was obtained in a court without jurisdiction over the subject matter or the parties. 19 Fla.Jur. Judgments and Decrees, § 357 and cases cited therein. But, this rule is subject to the limitation that where the court of another state has expressly litigated the jurisdictional question, that court's determination becomes res judicata upon the issue and is protected by the full faith and credit clause of Article IV, Section 1, of the U.S. Constitution. Haas v. Haas, Fla. 1952, 59 So.2d 640, 642; see also Cox v. Pow, Fla. App. 1966, 182 So.2d 31.
The full faith and credit clause is applicable to the territorial courts of Puerto Rico like any other state. Americana of Puerto Rico v. Kaplus, 368 F.2d 431 (3rd Cir.1966). The record in this case reflects that the appellant submitted itself to the jurisdiction of the Puerto Rican court, and then took a direct appeal which specifically addressed the jurisdictional issue in Puerto Rico. Appellant is now precluded by principles of res judicata from relitigating for a second time the question of jurisdiction.
Summary judgment in favor of Rivas upon appellant's counterclaim also was free of error. A small claims court cannot acquire in personam jurisdiction over a non-resident defendant by registered or certified mail (constructive service). 1964 Biennial Report of the Attorney General, Op. 064-75, pp. 357-58. A void judgment may be invalidated at any time by a competent court. Parish Mortgage Corp. v. Davis, Fla.App. 1971, 251 So.2d 342, cert. denied, Fla. 254 So.2d 789. By affidavit, appellant admitted that Rivas, a non-resident, had been served by mail prior to its small claims judgment.
Therefore, for the reasons stated and upon the authorities cited, the judgment appealed is affirmed.
Affirmed.