■ BANKERS TRUST COMPANY, Appellant, v BRATEN APPAREL CORPORATION, Respondent.—Order, Supreme Court, New York County, entered December 14, 1977, which denied plaintiff's motion to enjoin defendant from prosecuting an action by defendant against plaintiff in South Carolina, unanimously affirmed, without costs and disbursements. In September, 1974, defendant Braten Apparel Corporation (Braten) filed a chapter 11 petition in the Southern District of New York in which proceeding plaintiff herein, Bankers Trust Company (Bankers), filed a secured claim. Numerous actions were subsequently commenced in the Supreme Court, New York and Westchester Counties, and in the Civil Court, New York County, to which either or both of the parties herein were made party either as plaintiff or defendant. By order entered November 12, 1976, a joint trial of these actions was directed. Nevertheless, in July, 1977, Braten commenced an action against Bankers in South Carolina. Bankers obtained removal of this South Carolina action to the United States District Court of South Carolina upon which event, Braten voluntarily discontinued the suit. Bankers asserts that Braten's counsel stated that the discontinuance was motivated by a desire to avoid an anticipated forum non conveniens attack which might have resulted in the action being removed to New York. Braten commenced a second action in the State courts of South Carolina in August, 1977 upon claims apparently similar to those encompassed within its first South Carolina action. Plaintiff Bankers instituted the instant permanent injunction action seeking to prevent defendant Braten from proceeding in South Carolina until disposition of the actions now pending in New York. Essentially this complex litigation arises from Bankers' alleged failure to honor its commitment to extend credit to Braten which action, it is averred by Bankers, has its inception on Bankers' being allegedly informed by Braten's

accountants that Braten was insolvent. The accountants are parties in the New York litigation. Special Term denied plaintiff Bankers' motion for a temporary injunction on the ground that plaintiff's remedy was to seek a stay in South Carolina or to move in South Carolina to have Braten's complaint dismissed on the ground of *forum non conveniens*. Plaintiff so moved in South Carolina only to have its request for relief denied on the basis that Braten's claims in South Carolina are not the same as the claims involved in the New York actions and that South Carolina is a convenient forum for the resolution of the claims Braten is now asserting in South Carolina. On this record it is clear that the South Carolina claims are not the same as claims being presently litigated in New York. Further, it also appears that jurisdiction may not be obtainable over Braten's accounting firm in South Carolina so that from plaintiff Bankers' point of view full relief can only be obtained in New York where such accounting firm is already a party to this complex litigation. We would be remiss in not declaring reservation and doubt as to the motivation of Braten in initiating suit in South Carolina against Bankers on claims which, while not the same as, at least have their genesis in activities by the parties which are fairly embraceable within the complex litigation now pending before our courts involving not only Braten and Bankers, but the accounting firm and others as well. Multiplicity of litigation and suits which are oppressive or harassing are to be avoided wherever possible. Nevertheless, regard for the policy considerations underlying the doctrine of comity impels an affirmance of Special Term's denial of a preliminary injunction. "The use of the injunctive power to prohibit a person from resorting to a foreign court is a power rarely and sparingly employed, for its exercise represents a challenge, albeit an indirect one, to the dignity and authority of that tribunal" (28 NY Jur, Injunctions, § 131). The spectre of a conflict of jurisdiction between courts of sister States is such that "On general principles and on grounds of comity, the power is sparingly and reluctantly exercised, and the relief is not granted except for grave reasons and under extraordinary circumstances imperiling the rights of the complainant" (28 NY Jur, Injunctions, § 132). Apparently Bankers has already addressed to the South Carolina court the very arguments now advanced here for relief preventing Braten from pursuing claims in South Carolina rather than in New York. While there is much merit to Bankers' argument that full relief may be afforded only in New York because of the presence here of Braten's accountants, such argument apparently has failed so far to afford Bankers relief in the South Carolina court. However, the fact remains that the reasons advanced here by plaintiff Bankers for the interposition of equity to restrain Braten from proceeding with its South Carolina litigation may be and have been advanced in the South Carolina court. This court under settled principles of comity will not review the propriety of the South Carolina court's determination. However, we have delineated our misgivings in this matter as to Braten's motivation so that they may be a matter of public record. Concur—Sandler, J. P., Sullivan, Lupiano, Yesawich and Bloom, JJ.