OPINION OF THE COURT
Seymour Schwartz, J.
In this special proceeding, petitioner seeks an order (1) enjoining respondent from proceeding with an action pending in the Circuit Court for Pinellas County, Florida (Circuit Civ No. 83-91-19) and (2) directing respondent to submit to arbitration in New York.
Petitioner is a New York corporation and respondent is a Florida corporation. Petitioner and respondent entered into a distribution agreement whereby respondent would sell petitioner’s products in Florida. The agreement provided for the application of New York law and for the arbitration of disputes under the rules of the American Arbitration Association in New York, New York. Nevertheless, respondent commenced an action in Florida for breach of contract. Thereafter, petitioner moved in the Florida court to, inter alia, dismiss for lack of jurisdiction and to compel arbitration in New York. The relief sought *61 by petitioner (defendant in the Florida action) was denied and certiorari was denied on petitioner’s appeal in the Court of Appeal of Florida, Second District.
In support of the application, petitioner contends that New York law should be applied and the agreement to arbitrate enforced despite the Florida courts’ failure to direct respondent to abide by the choice of law and forum terms of the agreement.
In opposition, respondent argues that the Florida determination [sic] is entitled to full faith and credit under the United States Constitution.
The “Full Faith and Credit” clause (US Const, art IV, § 1) provides that “Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State.” However, the term “Judicial Proceedings” has been narrowed by the Supreme Court to only include final judgments. (See Barber v Barber, 323 US 77.) Here, the Florida court’s determination is not a final judgment and is thus not entitled to full faith and credit.
Despite the inapplicability of the full faith and credit clause, the doctrine of comity directs no interference with the Florida action. “Because a court’s power to affect litigation in another court is limited to its power to restrain parties over whom it has jurisdiction from commencing or prosecuting an action in another court, one court never actually enjoins another court. Nonetheless, there is little doubt that such a restraining order may be viewed as an encroachment upon the integrity and an interference with the jurisdiction of the court in which the parties have been prohibited from proceeding. Moreover, when an action already has been commenced in another court, an injunction of the type under discussion is an open invitation to the court affected by the restraint to retaliate in kind and issue a counter-injunction, which might lead to an unseemly and potentially insoluble squabble between the courts. In light of these factors, a court rarely will issue an injunction interfering with an action in another court.” (Tinker v Gorman, 56 Misc 2d 673, 675-676, citing 7 Weinstein-Korn-Miller, NY Civ Prac, par 6301.27, pp 63-74 — 63-75.)
*62 Petitioner’s argument that the Florida court mistakenly applied Florida law to this dispute may have merit. However, that issue may be appealed in Florida after a final determination. Furthermore, since choice of law involves Federal constitutional issues, petitioner has ultimate redress to the United States Supreme Court. (See Leflar, American Conflicts Law [3d ed], § 5.) Where the reasons advanced for the interposition of equity to restrain a party from proceeding with a sister State action may be and have been advanced in the sister State, a New York court should not review the propriety of the sister State determination. (Bankers Trust Co. v Broten Apparel Corp., 68 AD2d 810.)
The application is denied and the petition is dismissed.