■ FOUR SEASONS SOLAR PRODUCTS CORP., Appellant, v SOLARIUM PRODUCTS OF FLORIDA, INC., Respondent. — Order, Supreme Court, New York County (Seymour Schwartz, J.), entered on December 20, 1983, unanimously affirmed. Respondent shall recover of appellant $75 costs and disbursements of this appeal. Concur — Sullivan, J. P., Carro, Fein and Milonas, JJ.

Asch, J., concurs in a memorandum as follows: Petitioner appeals from an order of Supreme Court, New York County, which denied petitioner's application for an order (1) enjoining respondent from prosecuting an action against petitioner pending in Pinellas County, Florida; and (2) directing respondent to submit to arbitration in New York. ¶ Plaintiff Four Seasons Solar Products Corp. is a New York corporation engaged in the manufacture of greenhouses which can be attached to buildings. Defendant Solarium Products of Florida, Inc. is a Florida corporation. In November, 1981, the parties executed a contract whereby Solarium became the exclusive Florida distributor of Four Seasons' products. In part, the contract provided: "This agreement shall be governed by and construed in accordance with the laws of New York. The parties hereby consent to submit any controversy between them arising out of this agreement for settlement by arbitration to and under the rules of the American Arbitration Association in New York". ¶ A dispute developed between the parties and Four Seasons terminated the agreement by letter dated October 5, 1982. In January of 1983, Solarium commenced an action for breach of contract against Four Seasons in the Florida court. Four Seasons moved before the Florida court to dismiss or for the alternate relief of abating the

complaint for failure to comply with the arbitration agreement. The Florida court denied Four Seasons' application to dismiss or abate the action. Four Seasons thereafter petitioned the District Court of Appeals for a writ of certiorari, which was denied. Thereafter, Four Seasons then commenced a proceeding in New York to stay the Florida action pending arbitration. Special Term denied petitioner's application, which sought to enjoin Solarium from prosecuting its Florida action and to direct Solarium to submit to arbitration in New York. ¶ The Florida court may have been mistaken when it denied Four Seasons' application to stay the Florida action. It may well be that the Federal Arbitration Act (US Code, tit 9) supersedes any conflicting Florida law. Thus, the United States Supreme Court in a recent case has ruled that the Federal Arbitration Act "declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration" (*Southland Corp. v Keating*, 465 US __, __, 104 S Ct 852, 858). The agreement here between Four Seasons and Solarium clearly involves interstate commerce. The Florida appellate courts have recently held that this Federal provision superseded Florida laws which would otherwise invalidate an agreement to arbitrate (*Merrill Lynch Pierce Fenner & Smith v Melamed*, 405 So 2d 790 [Fla]; *Lipton Professional Soccer v Mijatovic*, 416 So 2d 1236 [Fla]). ¶ Nevertheless, Special Term correctly decided that comity required a refusal of Four Seasons' application to stay Solarium from proceeding in the Florida courts. (See *Bankers Trust Co. v Braten Apparel Corp.*, 68 AD2d 810, where this court noted that the use of the injunctive power prohibiting a person from resorting to a foreign court is a power rarely and sparingly employed, for its exercise represents a challenge, albeit an indirect one, to the dignity and authority of that tribunal.) Thus, Four Seasons here presented the arguments to the Florida trial court which it presents in its action in New York. In addition, Four Seasons *moved for appellate review* in Florida. If it had moved in New York prior to making its applications in Florida, a different result might have ensued. ¶ We all agree that, in the matter at bar, Special Term properly invoked the doctrine of comity to deny appellant's petition. Four Seasons presented to the Florida trial court arguments identical to those raised in New York and it moved for appellate review in Florida. A contrary order issued at this time by New York would constitute a significant affront to our sister State. A different result would obtain if appellant had moved in New York prior to making its applications in Florida. Furthermore, appellant has not presented " 'grave reasons' " or " 'extraordinary circumstances' " which would mandate interference by the New York courts (*Bankers Trust Co. v Braten Apparel Corp., supra*, p 811). ¶ The conflicts of law revolution which *Babcock v Jackson* (12 NY2d 473) and similar cases brought in their wake gave flexibility to local courts in deciding conflicts cases. Unfortunately, however, one result has been a widespread acceptance of the idea that the forum can resolve such problems in a way as to favor local litigants, to the detriment of the Federal system. It has encouraged "latitude for forum-shopping by plaintiffs and for preferring local litigants and laws or favored claims". (See an impressive critical analysis by Professor Korn, The Choice-of-Law Revolution: A Critique, 83 Col L Rev 772, 777.) Somewhat belatedly, the Supreme Court has begun to have second thoughts about its ardent advocacy of such selected discretion which favors provincial interests (*Kulko v California Superior Ct.*, 436 US 84; *World-Wide Volkswagen Corp. v Woodson*, 444 US 286; *Shaffer v Heitner*, 433 US 186; *Rush v Savchuk*, 444 US 320). Our decision herein supports a strong Federal system rather than the furtherance of local prejudice undermining our notion of full faith and credit. [122 Misc 2d 60.]