454 So.2d 86 (1984)
Linda M. BARON, Appellant,
v.
Richard D. BARON, Appellee.
No. 83-1051.
District Court of Appeal of Florida, Fourth District.
August 22, 1984.
James P. O'Flarity of Law Offices of James P. O'Flarity, P.A., Palm Beach, for appellant.
Robert Springer and Barry E. Krischer of Kohl, Springer, Springer, Mighdoll & Salnick, Palm Springs, for appellee.
HURLEY, Judge.
Linda M. Baron appeals from a final judgment of dissolution. We reverse on *87 the authority of Overly v. Overly, 66 So.2d 706 (Fla. 1953).
On August 12, 1982, the husband, Richard D. Baron, filed a petition for dissolution of marriage in Palm Beach County. Appellant filed an answer and asserted as an affirmative defense the pendency of a divorce action in New Hampshire instituted by her on August 9, 1982. The husband maintains that he was not personally served with process in the New Hampshire proceeding; however, it is undisputed that he made a special appearance through counsel to contest the jurisdiction of the New Hampshire court over him.
The Florida court initially entered an order enjoining the wife from prosecuting her action in New Hampshire, but later modified that mandate by holding that the New Hampshire court had jurisdiction over all issues relating to the parties' minor child, and that those issues were therefore abated in the Florida proceeding.
On March 9, 1983, the wife filed a motion to dismiss the Florida suit on ground that the New Hampshire court had entered a final judgment of divorce in her favor and submitted a certified copy of that judgment to the trial court. The court denied her motion, and on April 19, 1983, entered a final judgment of dissolution holding that the New Hampshire dissolution decree was void because the wife was not a resident of New Hampshire at the time she commenced suit there, and the husband was not personally served with process.
In Overly, supra, the Supreme Court concluded under similar circumstances that a foreign divorce decree was entitled to recognition in Florida under the full faith and credit clause of the Federal Constitution. See also Chicago R.I. & P. Ry. v. Schendel, 270 U.S. 611, 46 S.Ct. 420, 70 L.Ed. 757 (1926) (irrespective of which action or proceeding was first brought, it is the final judgment rendered in one of the courts which becomes conclusive in the other as res judicata). The present case differs from Overly in that the husband in this case did challenge the jurisdiction of the New Hampshire court to entertain the suit against him, but we do not believe this distinction compels a different result. Where a defendant makes a special appearance to challenge the jurisdiction of a court, and the court overrules the objection and determines that it does have jurisdiction, that decision is res judicata and precludes collateral attack on the judgment, even though the ruling may have been erroneous on the facts or law. See 5 Am.Jur.2d Appearance § 4 (1962). An aggrieved defendant must seek reversal in an appellate court of the state involved or, if he is unsuccessful there, in the Supreme Court of the United States. However, he cannot later attack the judgment on jurisdictional grounds if he does not avail himself of those remedies, or if the judgment is affirmed, or if the appellate court or the Supreme Court of the United States declines to consider the case. See Baldwin v. Iowa State Traveling Men's Association, 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244 (1931); see also Sherrer v. Sherrer, 334 U.S. 343, 68 S.Ct. 1087, 92 L.Ed. 1429 (1948); Chicago Life Insurance Co. v. Cherry, 244 U.S. 25, 37 S.Ct. 492, 61 L.Ed. 966 (1917). There is no indication in the record that the husband in this case ever attempted to appeal the New Hampshire court's determination of jurisdiction through the appropriate channels.
Thus, we hold that the trial court erred by entertaining the husband's challenge to the jurisdiction of the New Hampshire court over his person[1] in the absence of something on the face of the record *88 disclosing the invalidity of the New Hampshire decree. See Gaylord v. Gaylord, 45 So.2d 507 (Fla. 1950). Under the full faith and credit clause of the Federal Constitution, the trial court should have accorded res judicata effect to the New Hampshire decree which was entered prior to the final judgment in the Florida proceeding.
Accordingly, the judgment appealed from is reversed.
REVERSED.
WALDEN, J., and NORRIS, WILLIAM A., Jr., Associate Judge, concur.
NOTES
[1] We also believe that the trial court erred in the first instance as a matter of comity by refusing to decline jurisdiction in deference to the prior and concurrent jurisdiction of the New Hampshire Court. See Gratz v. Gratz, 137 Fla. 709, 188 So. 580 (1939) (applying principle of priority to case involving courts of soverign jurisdictions); Greene v. Greene, 432 So.2d 62 (Fla. 3d DCA 1983); Bedingfield v. Bedingfield, 417 So.2d 1047 (Fla. 4th DCA 1982), pet. for review dismissed, 427 So.2d 736 (Fla. 1983). See also Four Seasons Solar Products Corp. v. Solarium Products of Fla., Inc., 122 Misc.2d 60, 469 N.Y.S.2d 896 (N.Y. Sup. 1983); Murphy v. Murphy, 404 N.E.2d 69, 380 Mass. 454 (1980).