498 So.2d 1348 (1986)
Edmond Jordan DUSESOI, Appellant,
v.
Patricia Lee DUSESOI, Appellee.
No. 86-647.
District Court of Appeal of Florida, Second District.
December 12, 1986.
Robert M. Grguric of Law Office of Robert M. Grguric, Naples, for appellant.
J. Blan Taylor of J. Blan Taylor, P.A., Naples, for appellee.
LEHAN, Judge.
The husband appeals from a final judgment of dissolution of marriage granted to the wife. The husband points out that at the time of the entry of the Florida final judgment a Texas decree of divorce had *1349 already been entered and a certified copy thereof had been provided to the Florida court. He contends Florida must accord full faith and credit to the Texas decree. We agree and reverse.
The wife's Florida suit was filed before the filing of the husband's Texas suit. In the Texas suit the husband purportedly obtained substituted service upon the wife at a time before the wife in the Florida suit obtained service upon the husband by publication. The wife argues that the husband's service upon the wife was not valid because the substituted service was on an office receptionist at the wife's place of business and not upon any of the persons designated in section 48.031, Florida Statutes (1985). Thus, the wife argues that she obtained service over the husband in the Florida suit before there was any service by the husband on the wife in the Texas suit. The wife entered a special appearance in Texas and filed a motion contesting the jurisdiction of the Texas court. The Texas court denied her motion. There is no indication in the record that she appealed from that denial or from the Texas decree.
Under these circumstances Florida must give full faith and credit to the Texas decree which was rendered before the Florida final judgment. Baron v. Baron, 454 So.2d 86 (Fla. 4th DCA 1984). In Baron the Fourth District Court of Appeal considered this same type of question and set forth the governing principles as follows:
Where a defendant makes a special appearance to challenge the jurisdiction of a court, and the court overrules the objection and determines that it does have jurisdiction, that decision is res judicata and precludes collateral attack on the judgment, even though the ruling may have been erroneous on the facts or law. See 5 Am.Jur.2d Appearance § 4 (1962). An aggrieved defendant must seek reversal in an appellate court of the state involved or, if he is unsuccessful there, in the Supreme Court of the United States. [H]e cannot later attack the judgment on jurisdictional grounds if he does not avail himself of those remedies, or if the judgment is affirmed, or if the appellate court or the Supreme Court of the United States declines to consider the case. See Baldwin v. Iowa State Traveling Men's Association, 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244 (1931); see also Sherrer v. Sherrer, 334 U.S. 343, 68 S.Ct. 1087, 92 L.Ed. 1429 (1948); Chicago Life Insurance Co. v. Cherry, 244 U.S. 25, 37 S.Ct. 492, 61 L.Ed. 966 (1917).
454 So.2d at 87. See also Overly v. Overly, 66 So.2d 706 (Fla. 1953), where an out of state divorce decree obtained by the wife, which determined the issue of personal jurisdiction over the husband and a certified copy of which was before the Florida trial court in a divorce suit filed by the husband, was held to be entitled to full faith and credit in Florida. Here, as in Overly, a certified copy of another state's divorce decree was mailed by the out-of-state spouse's attorney to the Florida trial court promptly following the entry of that decree. Here, as apparently in Overly, the matter of personal jurisdiction had been raised and litigated in the other state. Here, as in Overly, the Florida trial court considered the other state's decree before entering the Florida final judgment.
The principles quoted above from Baron were established to avoid the uncertainties which would occur in this kind of case if a court of one state could relitigate what has been finally decided by a court of another state and potentially arrive at a conflicting result. Otherwise, our country's system of parallel state court structures could not function harmoniously. As the United States Supreme Court pointed out in Baldwin, "Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties." 283 U.S. at 525, 51 S.Ct. at 518, 75 L.Ed. at 1247. "The full faith and credit clause is one of the provisions incorporated into the Constitution by its framers for the purpose of transforming an aggregation of independent, sovereign *1350 states into a nation." Sherrer, 334 U.S. at 355, 68 S.Ct. at 1092, 92 L.Ed. at 1438. If the wife in this case felt that the Texas determination of personal jurisdiction over her was wrong, her remedy was to appeal that determination, not to collaterally attack it in Florida.
Another contention of the wife is that the husband had defaulted in this Florida suit and that there was a procedural infirmity through his subsequent filing of the certified copy of the Texas final decree. However, it does not appear that there was any objection in the trial court to that procedure. Also, no question has been raised as to the authenticity of that copy or as to the fact that the Texas decree had been entered prior to the Florida final judgment. Nor is there any question that the matter of personal jurisdiction over the wife had been litigated in Texas adverse to the wife and that she took no appeal therefrom. Additionally, there is no question that the Florida trial court specifically considered the Texas final decree prior to the entry of the Florida final judgment. The record indicates that the Florida court undertook to consider the "discrepency [sic] between what the Texas Court has determined regarding her residency status ... [and] what she is claiming here in Florida." The court erred in that respect because the matter of personal jurisdiction had been litigated to conclusion in Texas and the Texas determination in that regard was res judicata. It is not necessary for us to further address the procedure by which the Texas decree came before the Florida court. See Overly, 66 So.2d at 707 ("It is ... not necessary to decide whether the letter from defendant's counsel, together with certified copy of judgment, constituted a sufficient express amendment of her pleadings.")
The wife further contends that the Texas decree purports to award Naples, Florida real property to the husband and that the decree is not entitled to full faith and credit in that respect. We agree. See Sammons v. Sammons, 479 So.2d 223 (Fla. 3d DCA 1985). However, the Texas decree also contains an in personam provision directing the wife to execute a warranty deed which is attached to the decree. To that extent the decree appears to be entitled to full faith and credit. See Sammons; Parra v. Parra, 362 So.2d 380 (Fla. 1st DCA 1978). See also Fall v. Eastin, 215 U.S. 1, 11, 30 S.Ct. 3, 7, 54 L.Ed. 65, 70 (1909) ("[W]hen the subject-matter of a suit in a court of equity is within another state or country, but the parties [are] within the jurisdiction of the court, the suit may be maintained and remedies granted which may directly affect and operate upon the person of the defendant, and not upon the subject-matter, although the subject-matter is referred to in the decree... ."); Kline v. Heyman, 309 So.2d 242 (Fla. 2d DCA 1975). Whether that provision of the Texas decree may be enforced in Florida is not before us.
Accordingly, the judgment appealed from is reversed.
CAMPBELL, A.C.J., and SCHOONOVER, J., concur.