526 So.2d 138 (1988)
Nina M. TIPTON, Appellant,
v.
Jackques Andrianus Adolph VAN SCHOUWEN, As Personal Representative of the Estate of Heinrich Phillips Van Schouwen, Deceased, Appellee.
No. 87-2380.
District Court of Appeal of Florida, Second District.
May 11, 1988.
Rehearing Denied June 6, 1988.
Philip L. Burnett of Philip L. Burnett, P.A., Fort Myers, for appellant.
Robert C. Hill, Fort Myers, for appellee.
PER CURIAM.
Nina M. Tipton brought an action under the Florida Enforcement of Judgments Act, Florida Statutes, sections 55.501-55.509 (1987), to enforce a default judgment originally entered in a Texas state court. The trial court found that the Texas court did not have jurisdiction over the defendant and, therefore, refused to enforce the default judgment. We reverse.
The appellant, a resident of Texas, was injured during a cruise. She sued the Miami-based cruise ship line and its agent in Texas state court; however, the cruise ship line removed the case to federal district court on diversity of citizenship grounds. *139 Subsequently, the appellant amended her complaint to include the ship's physician, Heinrich Phillips Van Schouwen, as a party in the federal suit and, on the same day, filed a negligence action against Dr. Van Schouwen in Texas state court.
Dr. Van Schouwen was served with a complaint from the state court, but instead of filing an answer in that court, he responded with a letter to the appellant's attorney under the mistaken belief that the complaint was a request for information. Dr. Van Schouwen was unaware that an action had been instituted against him in federal court.
On July 2, 1982, an interlocutory default judgment was entered against Dr. Van Schouwen in the Texas state court. Dr. Van Schouwen hired a Texas attorney, Dennis C. Reich, to represent him in the action. On July 29, 1982, Reich filed a motion to set aside the interlocutory default judgment and for a new trial and requested a hearing on the motions. A hearing was set for October 26, 1982; however, Reich did not appear on that date. An order denying the motions was entered on November 29, 1982. The case was set for trial on October 28, 1985, and again Reich failed to appear. The Texas state court found that Dr. Van Schouwen was subject to its jurisdiction and entered a default judgment against him awarding the appellant $110,000 plus interest.
In early 1984, the cruise ship line and the appellant settled the case for $70,000 and the action in federal court was dismissed with prejudice as to all defendants except Dr. Van Schouwen.
On July 16, 1987, a nonjury trial was held in Lee County, Florida, in which the appellant sought to enforce the default judgment entered in the Texas state court. At the trial Dr. Van Schouwen testified that he had previously been informed by Reich that the matter was going to be settled and that he was to send Reich $2,500 in full settlement of the appellant's claims against him. Dr. Van Schouwen sent the money to Reich and later attempted to contact him to determine the status of the case, but received no response from Reich in spite of numerous attempts at communicating with him. Dr. Van Schouwen testified that he next heard of the case when the appellant's attorney contacted him in 1986 about the default judgment being enforced in Florida.
The trial court found that the Texas state court did not have jurisdiction to enter the default judgment and entered a final judgment for Dr. Van Schouwen on July 24, 1987.
Dr. Van Schouwen died on November 8, 1987, and his personal representative, Jackques Andrianus Adolph Van Schouwen, was substituted as the appellee in this case.
The appellant argues that the trial court erred in failing to enforce the default judgment. She argues that the Texas state court acquired in personam jurisdiction over Dr. Van Schouwen, even though he was not a resident of Texas or doing business in that state, since his attorney filed a motion requesting a trial on the merits, failed to appear at the hearing, and failed to appeal the default judgment once entered. We agree. See e.g., Liberty Enterprises v. Moore Transportation Company, Inc., 690 S.W.2d 570 (Tex. 1985); Steve Tyrell Productions, Inc. v. Ray, 674 S.W.2d 430 (Tex. 3rd DCA 1984).
In Dusesoi v. Dusesoi, 498 So.2d 1348 (Fla. 2d DCA 1986), this court stated that when a defendant challenges the jurisdiction of a court and the court overrules the objection and determines that it does have jurisdiction, that decision is res judicata and precludes collateral attack on the judgment even though the ruling may have been erroneous on the facts or law. This court, quoting from Baron v. Baron, 454 So.2d 86 (Fla. 4th DCA 1984), further stated that:
An aggrieved defendant must seek reversal in an appellate court of the state involved or, if he is unsuccessful there, in the Supreme Court of the United States. [H]e cannot later attack the judgment on jurisdictional grounds if he does not avail himself of those remedies, or if the judgment is affirmed, or if the appellate court *140 or the Supreme Court of the United States declines to consider the case. (Citations omitted).
Id. 498 So.2d at 1349. See also, Lederer v. Perry, First, Reiher, Lerner & Quindel, S.C., 511 So.2d 608 (Fla. 2d DCA 1987).
Since the Texas state court made specific findings as to jurisdiction in this case, those findings are res judicata in Texas and are not subject to collateral attack in Florida or any other state in which the judgment may be sued on. See Baldwin v. Iowa State Travelling Men's Association, 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed 1244 (1931).
The appellee argues that the trial court's judgment was correct since the Texas state court lost jurisdiction of the case when the case was removed to federal court. He argues that the amended complaint adding Dr. Van Schouwen as a party related back to the date the original complaint was removed and since the federal case was filed first it had priority over the state case.
When a judgment is sought strictly in personam both a state and federal court having concurrent jurisdiction over the parties may proceed with the litigation, at least until judgment is obtained in one of them. Princess Lida of Thurn & Taxis v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed 285 (1939). The usual practice, for the sake of comity, is for the court in which the second action is brought to suspend proceedings therein until the first action is tried and determined. Wade v. Clower, 94 Fla. 817, 114 So. 548 (Fla. 1927). However, if both cases proceed simultaneously, a final judgment entered in either court will be binding and conclusive in the other, regardless of which suit was first filed. Id. Accordingly, since both courts had concurrent jurisdiction in this case, and no attempt was made to stay the Texas state court action in furtherance of the jurisdiction of the federal court, the default judgment entered in the state court is res judicata as to the federal action.
While it is unfortunate that Dr. Van Schouwen's estate must suffer the consequences of Reich's neglect of the proceedings in Texas, we must reverse the trial court's judgment denying enforcement of the default judgment and awarding costs to the appellee.
Reversed and remanded.
SCHEB, A.C.J., and CAMPBELL and HALL, JJ., concur.