PER CURIAM.
The defendant appeals a final order and judgment' entitling a foreign New York judgment to full faith and credit in Florida by way of a summary judgment in favor of the plaintiff.
The New York judgment is entitled to full faith and credit since an opportunity to litigate the issue of personal jurisdiction was provided to Winn Dixie in New York but was forfeited by its failure to take the requisite procedural actions.[1] As such there can be no collateral attack. See Tipton v. Van Schouwen, 526 So.2d 138 (Fla. 2d DCA 1988).
Affirmed.

. Winn Dixie filed a motion to dismiss alleging lack of personal jurisdiction. The New York trial court granted the motion "to the extent of setting the matter down,” and ordered Winn Dixie to set-the matter down for hearing. The appellant abandoned the proceedings and refused further participation. Craftwork moved for an entry of default and after obtaining it, final judgment was entered on July 13, 1988. Craftwork filed the present action in Florida pursuant to the Florida Enforcement of Foreign Judgments Act to enforce the New York judgment.