569 So.2d 940 (1990)
Manuel RISKIN, et al., Appellants,
v.
Laura Mazzone MIKLOS, Appellee.
No. 90-920.
District Court of Appeal of Florida, Third District.
November 20, 1990.
Riskin & Dishowitz, Plantation, for appellants.
Aronovitz & Jacobs and Paul Jacobs, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and BASKIN, JJ.
SCHWARTZ, Chief Judge.
The issue in this appeal involves the rule that lack of personal jurisdiction to support a foreign judgment may be raised, at the choice of the defendant, either where the action is first filed  in which event he is bound by an adverse jurisdictional conclusion  or, as an original matter, in the subsequent state. In this case, the trial court enforced an Ohio default judgment secured against the appellants on the basis of substituted service effected in that state. In so doing, it rejected as a matter of law the claim that Ohio lacked personal jurisdiction over them. The ruling was based upon the conclusion that the defendants had appeared and litigated the issue in Ohio so that the Ohio judgment was entitled to res judicata effect in Florida. See Haas v. Haas, 59 So.2d 640 (Fla. 1952); Heritage Corp. v. Rivas, 289 So.2d 432 (Fla. 3d DCA 1974), cert. denied, 300 So.2d 901 (Fla. 1974); see also Tipton v. Van Schouwen, 526 So.2d 138 (Fla. 2d DCA 1988); Dusesoi v. Dusesoi, 498 So.2d 1348 (Fla. 2d DCA 1986); Baron v. Baron, 454 So.2d 86 (Fla. 4th DCA 1984).
*941 The record shows, however, that the only appearance in Ohio was in the form of a defensive jurisdictional motion filed by an attorney who was not admitted to the Ohio bar and which, for that reason, was  quite correctly  stricken by the Ohio court. Gelkop v. Gelkop, 384 So.2d 195 (Fla. 3d DCA 1980); Herndon v. Lee, 199 So.2d 74 (Ala. 1967); Fruin v. Northwestern Medical Faculty Foundation, Inc., 194 Ill. App.3d 1061, 141 Ill.Dec. 667, 551 N.E.2d 1010 (1990), appeal denied, 133 Ill.2d 555, 149 Ill.Dec. 320, 561 N.E.2d 690 (1990). It is clear, however, that such an appearance is, in effect, a nullity, which does not serve, as it did not in the Ohio case itself, to permit the jurisdictional issue to be decided on its merits. Squarely on point in this regard is Collins v. Peacock, 147 Ga. App. 424, 249 S.E.2d 142 (1978) where the court said:
The failure to file and appear was the basis for the default judgment. Counsel will not now be permitted to enforce a foreign default judgment predicated on defendant's failure to file an answer, and now argue that "defendant filed an answer ... [which] constituted a general appearance." It would indeed be a paradoxical procedure where a defendant attempted to submit himself to the jurisdiction of a foreign court, but the court refused him the right to answer or defend, then ruled that his attempt to submit himself to the jurisdiction of the court was successful, and awarded judgment by default for his failure to answer or appear. We find no submission to the jurisdiction of the Tennessee court and a failure of personal service.
Collins, 147 Ga. App. at 428, 249 S.E.2d at 144-45; see also Gelkop, 384 So.2d at 195. The situation therefore falls clearly within the doctrine that where the jurisdictional issue is not fairly litigated in the initial court, the defendants are free to raise the question de novo in the jurisdiction in which enforcement of the judgment is attempted. Ratner v. Hensley, 303 So.2d 41 (Fla. 3d DCA 1974), and cases cited. The judgment below is therefore reversed for determination of that issue vel non after remand.
Reversed.