659 So.2d 1204 (1995)
ARCHBOLD HEALTH SERVICES, INC., Appellant,
v.
FUTURE TECH BUSINESS SYSTEMS, INC., Appellee.
No. 95-242.
District Court of Appeal of Florida, Third District.
August 23, 1995.
Rehearing Denied September 27, 1995.
*1205 Fleming, O'Bryan & Fleming and Paul R. Regensdorf and Thomas F. Aubin, Fort Lauderdale, for appellant.
Broad & Cassel and Jose I. Rojas, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and NESBITT, JJ.
NESBITT, Judge.
Archbold Health Services, Inc. (Archbold), a Georgia corporation, entered into a contract to buy a computer software program from Future Tech Business Systems, Inc. (FT), a Florida corporation. The contract incorporated a support agreement, obligating FT to provide support and maintenance for the program. The contract was signed by FT in Florida and then sent to Georgia where it was signed by Archbold. FT's employees traveled to Georgia several times for the initial training and installation of the system. Thereafter, Archbold claimed that the program did not meet its requirements. Archbold filed a complaint in Georgia seeking rescission of the agreement and charging FT with breach of warranty. The Georgia complaint was served on FT in Florida pursuant to Georgia's long-arm statute.
FT moved to dismiss the complaint for lack of subject matter jurisdiction; however this motion, while allegedly mailed to the clerk of the Georgia court, was never received or filed. A copy was received by Archbold's Georgia counsel who, in turn, showed it to the trial judge at the default hearing. The Georgia trial judge entered a default judgment in Archbold's favor. The Georgia trial judge denied FT's subsequent motion to set aside default judgment, motion for reconsideration, and motion to open default. Archbold then recorded the Georgia judgment in Florida, and FT filed notice of lis pendens and verified objection to recordation of the foreign judgment. The Florida trial judge sustained FT's objection to recordation, and denied Archbold's motion for rehearing, concluding that the Georgia trial judge did not consider the jurisdictional issues when he denied FT's motion for reconsideration. We reverse.
The enforcement of foreign judgments is not a matter of mere grace. It springs from the full faith and credit clause, Article IV, section 1, United States Constitution, *1206 and its implementing statute, 28 U.S.C., section 1738, which require every state to give the same effect to judicial proceedings as the rendering state gives them. SCG Travel, Inc. v. Westminster Financial Corp., 583 So.2d 723, 725 (Fla. 4th DCA), cause dismissed, 591 So.2d 185 (Fla. 1991) citing Durfee v. Duke, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963). As SCG Travel, Inc. points out, the purpose of the uniform act as well as the Florida version is to provide a speedy and economical method of enforcing a foreign judgment without the further cost and harassment often incurred when an entirely new and separate action on the foreign judgment is required for enforcement. SCG Travel, Inc., 583 So.2d at 725.
Where a defendant challenges the jurisdiction of a court, and the court overrules the objection and determines that it does have jurisdiction, that decision is res judicata and precludes collateral attack on the judgment, even though the ruling may have been erroneous on the facts or law. Dusesoi v. Dusesoi, 498 So.2d 1348 (Fla. 2d DCA 1986); see 5 Am.Jur.2d Appearance § 4 (1962). An aggrieved defendant must seek reversal in an appellate court of the state involved or, if he is unsuccessful there, in the Supreme Court of the United States. He cannot later attack the judgment on jurisdictional grounds if he does not avail himself of those remedies, or if the judgment is affirmed, or if the appellate court or the Supreme Court of the United States declines to consider the case. Dusesoi, 498 So.2d at 1349; see Baldwin v. Iowa State Traveling Men's Assn, 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244 (1931); see also Overly v. Overly, 66 So.2d 706 (Fla. 1953); Baron v. Baron, 454 So.2d 86 (Fla. 4th DCA 1984) (trial court should have, under the full faith and credit clause, accorded res judicata effect to a New Hampshire divorce decree which was entered prior to the final judgment in the Florida proceeding where the husband did not attempt to appeal the New Hampshire court's determination of jurisdiction).
Instructive to the instant case is Riskin v. Miklos, 569 So.2d 940 (Fla. 3d DCA 1990). In that case, appearance in Ohio in the form of a defensive jurisdictional motion was filed by an attorney who was not admitted to the bar. Counsel's argument was properly stricken as a nullity, thus not permitting the jurisdictional issue to be decided on the merits. Accordingly, this court held that the issue of lack of personal jurisdiction over defendants in Ohio could be litigated in the Florida action which sought to enforce the Ohio judgment. Those facts distinguish Riskin from the case under review.
It is the fair opportunity to litigate in a foreign forum that is determinative. The November 23, 1993 order of the judge of the superior court in Georgia demonstrates on its face that the trial court fairly considered the motion to set aside the default and motion for reconsideration. The order denying those motions recited that determination was made "after consideration of the pleadings, the evidence of record and the arguments and briefs of counsel." In sum, where that opportunity had been presented in Georgia, even if that trial judge was wrong, FT should have sought review in the forum state rather than wait and challenge the Georgia trial court's jurisdiction when enforcement of the judgment was attempted here.
Accordingly, the case is reversed and remanded with directions to enforce the judgment.