PER CURIAM.
Christopher Brown appeals a final judgment of dissolution, arguing that the circuit court lacked personal jurisdiction over him. Because the record reflects that appellant consented to the jurisdiction of the Florida courts, we affirm.
Christopher Brown is a member of the U.S. Army and has been stationed in Fort Knox, Kentucky since August 1997 after serving in Germany. Appellee, ■ Sharon Brown, and the children of the Brown marriage, have been residing in Duval County, Florida, since July 1997. Appellant filed for dissolution of his marriage to Sharon Brown in Kentucky, and, as appellant testified below, a decree dissolving the marriage was entered in May 1999 by the circuit court of Hardin County, Kentucky. The record reflects that the Kentucky decree adopted the Findings of Fact and Conclusions of Law entered by the Domestic Relations Commissioner of the Hardin Circuit Court, who found in part, as follows:
The Respondent [Sharon Brown] was present for this hearing for the sole purpose of contesting this Court’s jurisdiction over the issues of child custody, child support and a division of marital property. The Respondent had no objection to the Petitioner [Christopher Brown] proceeding with obtaining a divorce through this Court. Counsel for the Petitioner agreed that the proper jurisdiction for all other issues in this divorce case is Florida.
Sharon Brown filed a petition for dissolution in Duval County, Florida, in January 1999, approximately when the former husband filed in Kentucky and five months before the Kentucky decree was entered. In addition to a dissolution of marriage, the former wife sought residential custody of the minor child as well as child and spousal support, among other things.
There is no dispute that Christopher Brown was personally served in Kentucky with the Florida dissolution petition. He did not make an appearance, however, and a default was entered. By the amended final judgment of the Duval County Circuit Court, the former wife was awarded residential custody of the children and child support was set according to the guidelines. In addition, the trial court granted spousal support for a rehabilitative period of two years and awarded the former wife one-half of the pension earned by the former husband during the term of the marriage.
Without assistance of counsel, Christopher Brown moved to set aside the Florida judgment of dissolution, arguing that the wife had submitted herself to the jurisdiction of the Kentucky court and that the Florida court did not have personal jurisdiction over him. With the assistance of counsel, the husband thereafter filed a motion styled “Limited Appearance Motion to Vacate and Set Aside Final Judgment of Dissolution of Marriage” in which the husband again argued that the Florida court lacked personal jurisdiction. The motions to set aside the final judgments of dissolution were heard, and the Florida circuit court summarily denied them. This appeal ensued.
The husband does not dispute that the minor children have resided in Florida since July 1997. Accordingly, it is clear that Florida had jurisdiction over the children for awarding custody at the time the Florida judgment was entered. See § 61.1308(1), Fla.Stat. (2000); see also Baggett v. Walsh, 610 So.2d 1099, 1102 (Fla. 1st DCA 1987) (“Unquestionably, the court below had subject-matter jurisdiction to determine the mother’s petition for modification of visitation rights under chapter 61, because Florida is now the *613 child’s home state, § 61.1308, Fla.Stat. (1985), and section 61.1312 permits the court, based on its jurisdiction over the child, to enter a custody decree which becomes binding on a nonresident parent without obtaining personal jurisdiction of that person.”).
As for the jurisdiction of the Du-val County Circuit Court over child and spousal support and equitable distributions, unless a nonresident parent voluntarily appears and waives all jurisdictional objections, or facts establishing minimum contacts sufficient to support a basis for long-arm jurisdiction over the nonresident parent are shown to exist, service obtained pursuant to section 48.194 does not provide in personam jurisdiction over the nonresident parent with respect to matters of child and spousal support. See Laney v. Laney, 487 So.2d 1109, 1111 (Fla. 1st DCA 1986) quoting Mouzon v. Mouzon, 458 So.2d 381, 383 (Fla. 5th DCA 1984) (“Failure to adequately allege in the complaint a basis for long arm jurisdiction under 48.193 voids any service of process made pursuant to section 48.194, with the result that there ... [is] no in personam jurisdiction over the respondent....”). Here, the former wife’s complaint contains no allegations which would establish long-arm jurisdiction over the former husband.
In addition, it cannot be said that the former husband waived personal jurisdiction when he moved for relief from the Florida judgment of dissolution. We conclude on the record before us, however, that the husband has consented to jurisdiction of Florida courts.
We give full faith and credit to the judicial proceeding which occurred in Kentucky, including the specific finding made by the Kentucky Domestic Relations Commission, and adopted by the Kentucky court, that the husband had “agreed” that Kentucky had jurisdiction for a dissolution and that the “proper jurisdiction for all other issues” is Florida. See Cox v. Clark, 682 So.2d 653 (Fla. 1st DCA 1996); Archbold Health Servs., Inc. v. Future Tech Bus. Sys., Inc., 659 So.2d 1204 (Fla. 3d DCA 1995); Tipton v. Van Schouwen, 526 So.2d 138, 140 (Fla. 2d DCA 1988) (“Since the Texas state court made specific findings as to jurisdiction in this case, those findings are res judicata in Texas and are not subject to collateral attack in Florida or any other state in which the judgment may be sued on.”).
Accordingly, the order denying the former husband’s motions to set aside the amended final judgment of dissolution is AFFIRMED.
BOOTH, KAHN and VAN NORTWICK, JJ., concur.