PER CURIAM.
Joe Ann Yoder appeals from an order quashing service of process on Tellas Yoder in an action to enforce a Texas divorce decree. Appellant contends that the long arm statute permits personal service on the non-resident husband, subjecting him to the trial court’s jurisdiction. Section 48.-193(1)(e), Florida Statutes (1977). The trial court ruled that the long arm statute was inapplicable and that the court could not establish a monetary decree against the defendant without his appearing or answering or returning to Florida. We agree with the trial court and affirm.
Appellant filed suit to establish the Texas divorce decree as a Florida judgment, adjudicate the current amount of alimony ar-rearage due, and enforce the decree through any means available for the enforcement of a Florida judgment. The ap- *410 pellee was personally served in Nevada pursuant to Section 48.194, Florida Statutes (1977), but he has never entered an appearance in this action. The parties lived in Florida while appellee was in the military service from 1969 to 1972. Appellant argued that these three years of residency were sufficient to satisfy the minimal contact requirements of the long arm statute. However, the statute is clearly inapplicable for another reason.
Section 48.193(l)(e) states:
48.193 Acts subjecting persons to jurisdiction of courts of state.—
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
(e) With respect to proceedings for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintains a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. This paragraph does not change the residency requirements for filing an action for dissolution of marriage.
Jurisdiction cannot be obtained over ap-pellee because the action to establish the Texas decree is neither an action to dissolve a marriage nor is it an independent action for support of dependents.
Accordingly, the order quashing service of process on appellee is AFFIRMED.
• SMITH, Acting C. J., ERVIN, J., and MASON, ERNEST E., Associate Judge, concur.