430 So.2d 604 (1983)
Harriet B. SCHROEDER, Appellant,
v.
Rolf H. SCHROEDER, Appellee.
No. 82-1164.
District Court of Appeal of Florida, Fourth District.
May 4, 1983.
Andrew J. Connolly of Law Offices of Donald L. Burrie, Pompano Beach, for appellant.
Thomas & Billington, Pompano Beach, and Jane Kreusler-Walsh and Larry Klein, West Palm Beach, for appellee.
PER CURIAM.
In this interlocutory appeal appellant Harriet B. Schroeder challenges the trial court's dismissal of her petition for alimony because of the lack of personal jurisdiction over her ex-husband, appellee Rolf H. Schroeder.
The parties resided in Florida as a married couple from 1969 to 1975, after which *605 the husband moved to Illinois. From the time of their separation until July 1981 the husband sent the wife $200 monthly for her support. In December 1981 the husband filed a petition for dissolution in DuPage County, Illinois. On March 2, 1982, only one day before the final hearing on the husband's petition the wife filed a petition for dissolution, including a demand for alimony, in Broward County, Florida, and served the petition upon the husband by personal service in Illinois. On March 3, the Illinois court ruled that it lacked personal jurisdiction over the wife, but granted the husband's petition for dissolution, which became final on April 2, 1982.
Recognizing the validity of the Illinois divorce decree, the wife amended her petition to delete the request for dissolution but maintained her action for alimony. The husband then moved to dismiss on the grounds that the Florida court lacked personal jurisdiction over him. His motion was granted and this appeal ensued.
A divorce decree obtained by a husband in a state in which he has acquired domicile is entitled to full faith and credit in the courts of sister states. Estin v. Estin, 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561 (1948). The same cannot be said for a judgment determining alimony, a personal right for which the court must have personal jurisdiction over both parties. Thus, an ex parte foreign decree of dissolution is no bar to an independent claim for alimony in Florida. Pawley v. Pawley, 46 So.2d 464, 472-3 (Fla. 1950), 28 A.L.R.2d 1358, petition denied, 47 So.2d 546, cert. denied, 340 U.S. 866, 71 S.Ct. 90, 95 L.Ed. 632 (1950); Wright v. Wright, 411 So.2d 1334, 1335 (Fla. 4th DCA 1982); Brandt v. Brandt, 217 So.2d 573 (Fla. 1st DCA 1968).
Pursuant to its legitimate interest in preventing abandonment resulting in impoverished spouses and offspring the legislature enacted Section 48.193, Florida Statutes, in 1973, thereby creating a mechanism for establishing personal jurisdiction over a party who may not be a citizen or resident of the state. Section 48.193(1)(e) provides for personal service of process in a foreign jurisdiction on persons who:
(e) [Clause 1] With respect to proceedings for alimony, child support, or division of property in connection with an action to dissolve a marriage or [Clause 2] with respect to an independent action for support of dependents, maintains a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. This paragraph does not change the residency requirement for filing an action for dissolution of marriage. [Emphasis added.]
Section 48.193(1)(e) must be read in conjunction with Section 48.193(3) which declares:
(3) Only causes of action arising from acts or omissions enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section, unless the defendant in his pleadings demands affirmative relief on other causes of action, in which event the plaintiff may assert any cause of action against the defendant, regardless of its basis, by amended pleadings pursuant to the rules of civil procedure. [Emphasis added.]
The appellant contends that the emphasized portions of section 48.193(1)(e) provide for personal service over appellee. This proposition is only true if the phrase "support of dependents" includes or is equivalent to the term "alimony." We conclude these concepts are neither synonomous nor mutually inclusive.
On its face, the statute contains two disjunctive clauses: one in conjunction with dissolution proceedings and the second regarding independent actions for support. Clause (2) applies solely to actions for support of dependents whereas clause (1) states it is applicable to claims for alimony and division of property in addition to support. Logically, if the legislature intended clause (2) as well as clause (1) to apply to alimony, it would so state.
*606 Moreover, at common law an independent action for support of dependents could only be maintained on behalf of minor children for support or on behalf of a dependent spouse for separate maintenance. Thus, if we interpret the statute in compliance with the ordinary meanings traditionally accorded these terms, support does not include alimony.
Under this analysis the statute permits personal service on persons in foreign jurisdictions who previously resided within this state or, at the commencement of the action, had a matrimonial domicile within the state, either (1) in actions seeking a dissolution decree and, in conjunction, child support, alimony or division of property, or (2) in actions seeking support for a dependent.
In the instant case, the appellant ceased being a dependent of appellee upon entry of the foreign decree of divorce. Until that time she was entitled to bring an action for support under Section 48.193(1)(e), clause (2). Upon entry of that decree she is no longer a spouse, thus, no longer a dependent and hence has no right to or cause of action for support; only for alimony.
The first district has previously construed this statute. In Yoder v. Yoder, 363 So.2d 409 (Fla. 1st DCA 1978), an ex-wife residing in Florida sought to enforce a foreign alimony decree. The first district held it did not have personal jurisdiction over the ex-husband who lived outside the state. In Soule v. Rosasco-Soule, 386 So.2d 862 (Fla. 1st DCA 1980), the court dismissed an alimony claim, unconnected with dissolution, against an out-of-state spouse.
These results are in accord with our conclusion that Section 48.193(1)(e) provides for personal service in suits for alimony only where such proceedings are also seeking a decree of dissolution.
For the foregoing reasons, the order of the trial court is affirmed.
AFFIRMED.
BERANEK and HERSEY, JJ., concur.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting:
The majority's interpretation of section 48.193(1)(e) appears to be based on the provisions of sections 61.08 and 61.09, Florida Statutes, dealing with alimony and nonsupport, respectively. Although the statutory language suggests that the legislature may have attempted to track the language of the two statutes, there is nothing to suggest that the use of such language was intended as a limitation. If anything, it appears that, by the enactment of section 48.193(1)(e), the legislature intended to cover all of the possible situations under which the need for personal jurisdiction to secure support might arise. That the wife's case does not fit neatly into one of these categories should not defeat her claim. Certainly, if she could have attained personal service on her husband for desertion and nonsupport unconnected with dissolution she should be able to serve him for terminating necessary support in connection with dissolution. To find otherwise is to favor desertion and nonsupport and to encourage Florida husbands to seek ex parte divorces in foreign jurisdictions. Clearly the enactment of section 48.193(1)(e) was intended to prevent this very situation.
The contention that, subsequent to divorce, the wife is entitled to alimony but not support, creates a distinction without a difference. Alimony is designed primarily to provide sustenance such as food, clothing, and other necessities for support of a wife when living apart from her spouse, either pursuant to a decree of divorce or one of separate maintenance. Platt v. Platt, 103 So.2d 253, 255 (Fla.App. 1958). The wife's action should not be defeated merely because the husband won the race to the courthouse. According to the pleadings, the wife is now past fifty years of age with only a high school education. From the time of her marriage in 1954 to the separation in 1975 she remained at home as a housewife and mother; she is now a licensed real estate salesperson, but made no money in 1981 and 1982 and, at the time of her petition, was collecting unemployment compensation. She alleges that because of *607 her lack of education, experience and physical and mental health problems, she has been unable to remain gainfully employed. She also alleges that the husband earned $35,880 in 1980, that upon separation he voluntarily paid her $200 monthly and maintained medical insurance for her benefit. If the wife's allegations are true, she is as dependent as the needy ex-wife whose marriage has been dissolved but whose property settlement has not yet been finalized or the impoverished woman whose husband has deserted her without divorcing her.