GLICKSTEIN, Judge,
concurring specialty-
How frail is appellate justice and how dependent on the respective value systems of the three judges who sit on a case! Had Judge Anstead been able to persuade one other member of the panel in Schroeder v. Schroeder, 430 So.2d 604 (Fla. 4th DCA 1983), to join him, the conclusion of this court in that case would have been turned around 180 degrees. Instead, two members construed section 48.193, Florida Statutes (1983) in a way that could reasonably be interpreted, to quote the dissent,
“to favor desertion and nonsupport and to encourage Florida husbands to see ex parte divorces in foreign jurisdictions.”
Id. at 606.
When the Schroeder marriage failed, the husband moved to Illinois; and the wife remained in Florida. After a period of years, he filed his action for dissolution there in December 1981. She, in turn, filed an action for dissolution here on March 2, 1982. One day later, Illinois dissolved the marriage. Instead of considering the effect as bifurcation, this court considered the Illinois judgment as a death knell for the wife’s pending action in Florida. Surely the Florida legislature, as Judge An-stead unsuccessfully attempted to show, never intended such result.
Mrs. Schroeder’s misfortune has now befallen Mrs. Jackson, albeit with a twist. The wife in the present case remained in Florida when her husband moved to and lived in Texas for many years. Interestingly enough, he filed for dissolution there in April 1984, after Schroeder. His wife successfully fought personal jurisdiction there, no award ostensibly being available to her for alimony in that state if her counsel has correctly described Texas law in his letter memorandum to the trial court. In May 1984, she filed for dissolution in Florida, asking the trial court to award the former marital home in Florida to her as lump sum alimony and periodic alimony as well. In June, the husband’s Florida counsel moved to abate the Florida action. In .July, the Texas court entered a decree of divorce. Over a year later, the wife filed a petition for alimony, equitable distribution and other relief unconnected with dissolution of marriage — which pleading is the twist not involved in Schroeder.
Section 48.193, Florida Statutes (1985) provides, in part:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
*26 [[Image here]]
(e) With respect to a proceeding for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintaining a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. This paragraph does not change the residency requirement for filing an action for dissolution of marriage.
In my view, the only way this court can logically justify denying the wife relief here is to do the same thing as the majority did in Schroeder, concluding that the wife is not a “dependent” because wives were not dependents at common law. Neither party here has provided any authority for or against such contention, any more than the majority or dissent did in Schroeder.
Accordingly, it seems the only sensible thing to do is to call Schroeder and the decision in this case to the attention of legislature in the hope that — to use a word now in fashion — the problem will become part of one or more legislators’ “agenda.”