555 So.2d 373 (1989)
John Allen BINGER, Appellant,
v.
Mary Ann BINGER, Appellee.
No. 87-1073.
District Court of Appeal of Florida, First District.
October 20, 1989.
*374 James D. Swearingen of Harrell, Wiltshire, Stone & Swearingen, Pensacola, for appellant.
C. LeDon Anchors of Anchors, Foster & McInnis, Fort Walton Beach, for appellee.
BOOTH, Judge.
This cause is before us on appeal from a final order recognizing a Missouri divorce decree and awarding appellee permanent periodic alimony and appellant's interest in the marital home. Though there are several issues on appeal, we find it necessary to decide only whether the trial court erred in denying appellant's motion to dismiss for lack of personal jurisdiction under the Florida long arm statute.
The undisputed facts are as follows. Appellant John Allan Binger and appellee Mary Ann Binger were married on January 7, 1956, and raised four children. The couple established a marital home in Shalimar, Florida, in 1981. In 1983, John's employer transferred him to Missouri. Mary stayed in Shalimar with the youngest child who was a senior in high school. After John moved to Missouri, he commuted home to Shalimar on the weekends. Mary went to Missouri one time in the summer of 1984 to visit relatives.
On October 12, 1984, John filed for a divorce in St. Charles County, Missouri. Mary filed a special appearance together with her motion to dismiss for lack of personal and subject matter jurisdiction. While Mary's motion was pending in the Missouri court, she filed a petition for dissolution of marriage in Okaloosa County, Florida. John specially appeared in Florida and filed a motion to dismiss for lack of subject matter and personal jurisdiction.
On March 13, 1985, the Florida court denied John's motion and ruled that it had jurisdiction over the res of the marriage as well as personal jurisdiction over John. On April 26, 1985, the Missouri court ruled that it had jurisdiction over the res of the marriage but that it had no jurisdiction over Mary's person. On May 16, 1985, the Missouri court denied Mary's motion to dismiss the Missouri action on the grounds of forum non conveniens.
The Missouri court entered a decree of dissolution on January 16, 1987. The Florida court held a final hearing on Mary's petition for divorce on July 8, 1987. On July 29, 1987, the Florida court entered final judgment in dissolution of marriage. The Florida court ruled it had jurisdiction over the parties and the subject matter of this action and held the marriage dissolved "based on the final judgment entered in the State of Missouri." The court awarded Mary $1,500 per month permanent periodic alimony as well as John's interest in the Shalimar marital home, and awarded John his profit sharing and retirement account and his investment funds not connected with the marriage. This appeal followed.
Sections 48.193(1)(e) and (3), Florida Statutes (1985) provide as follows:
48.193 Acts subjecting person to jurisdiction of courts of state. 
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

*375 ... .
(e) With respect to a proceeding for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintaining a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. This paragraph does not change the residency requirement for filing an action for dissolution of marriage.
... .
(3) Service of process upon any person who is subject to the jurisdiction of the courts of this state as provided in this section may be made by personally serving the process upon the defendant outside this state, as provided in s. 48.194. The service shall have the same effect as if it had been personally served within this state.
Appellant relies on Schroeder v. Schroeder, 430 So.2d 604 (Fla. 4th DCA 1983), to support his argument that the Florida court lost personal jurisdiction over appellant once the Missouri divorce decree became final. In Schroeder, the husband filed for divorce in Illinois. One day before final hearing on the husband's petition, the wife filed for divorce in Florida with personal service to the husband in Illinois. The next day, the Illinois court ruled that it lacked personal jurisdiction over the wife but granted the divorce. The wife recognized the Illinois decree and amended her Florida petition to delete her request for dissolution but maintained her action for alimony. The trial court dismissed the wife's claim, and the district court affirmed the dismissal on grounds that the Florida court lacked personal jurisdiction over the husband.
In Schroeder, the wife's petition after amendment was no longer an action for alimony in connection with an action to dissolve a marriage. The court in Schroeder also ruled that the amended complaint did not qualify under the statute as an independent action for support of dependents. In the instant case, the wife's petition remained unamended, and the efficacy of the Missouri dissolution decree was determined by the Florida court in its final order. The proceeding, therefore, was one for alimony, etc., which qualified under Section 48.193, Florida Statutes, since it was in connection with an action to dissolve marriage. We distinguish Schroeder on its facts and therefore do not rule on the interpretation placed by that case on the "support of dependents" language of the statute. We agree with the statement of the majority in Schroeder of the legislative purpose in enacting Section 48.193 (430 So.2d at 605):
Pursuant to its legitimate interest in preventing abandonment resulting in impoverished spouses and offspring the legislature enacted Section 48.193, Florida Statutes, in 1973, thereby creating a mechanism for establishing personal jurisdiction over a party who may not be a citizen or resident of the state.
In the instant case, the Missouri court never had in personam jurisdiction over the appellee and could not adjudicate alimony and property rights between the parties. Thus, the Missouri dissolution judgment was not res judicata on these issues in the Florida action. Pawley v. Pawley, 46 So.2d 464, 28 A.L.R.2d 1358 (Fla. 1950), cert. denied, 340 U.S. 866, 71 S.Ct. 90, 95 L.Ed. 632 (1950); Wright v. Wright, 411 So.2d 1334, 1335 (Fla. 4th DCA 1982); Brandt v. Brandt, 217 So.2d 573 (Fla. 1st DCA 1968).
The trial court did not err in denying the motion to dismiss this action for lack of personal jurisdiction. The judgment on appeal is affirmed.
ERVIN and WENTWORTH, JJ., concur.