633 So.2d 91 (1994)
Leon C. BAKER, Appellant,
v.
J.R. BENNETT and Laura Bennett, Appellees.
J.R. Bennett and Laura Bennett, Appellants,
v.
Leon C. BAKER, Appellee.
Nos. 92-3150, 92-3494 and 92-3205.
District Court of Appeal of Florida, Fourth District.
March 2, 1994.
Rehearing Denied April 8, 1994.
*92 Kenneth W. Lipman of Siegal and Lipman, Boca Raton, for Leon C. Baker.
Arthur R. Miller, pro hac vice, Cambridge, MA, for Leon C. Baker.
John T. Mulhall, III of Rutherford, Minerley & Mulhall, P.A., Boca Raton, for J.R. Bennett and Laura Bennett.
OWEN, WILLIAM C., Jr., Senior Judge.
These consolidated appeals arise out of proceedings to domesticate a foreign judgment pursuant to the Florida Enforcement of Foreign Judgments Act, sections 55.501-55.509, Florida Statutes (1991). We find no error and affirm the judgment and orders appealed.
J.R. Bennett and Laura Bennett (the "Bennetts") obtained an Alabama final money judgment against Leon C. Baker ("Baker"). The Bennetts filed and recorded a certified copy of the judgment with the Clerk of the Circuit Court of Palm Beach County as authorized by section 55.503, Florida Statutes. Baker moved to vacate the Alabama judgment on the ground that the Alabama trial court never obtained personal jurisdiction over him, and he also timely filed an independent action challenging the validity of the Alabama judgment on the identical ground.
While these matters were pending before the court below, the Supreme Court of Alabama rendered its decision in Baker v. Bennett, 603 So.2d 928 (Ala. 1992), expressly upholding the Alabama trial court's conclusion that it had in personam jurisdiction over Baker. The court below, taking judicial notice of the records in the Alabama case, entered a final summary judgment[1] in favor of the Bennetts and, consistent therewith, denied Baker's separate motion to vacate the Alabama judgment.
Dispositive of Baker's appeals is this court's holding in the case of Baron v. Baron, 454 So.2d 86 (Fla. 4th DCA 1984), wherein the court stated:
Where a defendant makes a special appearance to challenge the jurisdiction of a court, and the court overrules the objection and determines that it does have jurisdiction, that decision ... precludes collateral attack on the judgment, even though the ruling may have been erroneous on the facts or law. See 5 Am.Jur.2d Appearance § 4 (1962). An aggrieved defendant must seek reversal in an appellate court of the state involved or, if he is unsuccessful there, in the Supreme Court of the United States. However, he cannot later attack the judgment on jurisdictional grounds if he does not avail himself of those remedies, or if the judgment is affirmed, or if the appellate court or the Supreme Court of the United States declines to consider the case. See Baldwin v. Iowa State Traveling Men's Association, 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244 (1931); see also Sherrer v. Scherrer, 334 U.S. 343, 68 S.Ct. 1087, 92 L.Ed. 1429 (1948); Chicago Life Ins. Co. v. Cherry, 244 U.S. 25, 37 S.Ct. 492, 61 L.Ed. 966 (1917).
See also Dusesoi v. Dusesoi, 498 So.2d 1348 (Fla. 2d DCA 1986); Tipton v. Van Schouwen, 526 So.2d 138 (Fla. 2d DCA 1988).
Baker argues that (a) the decision of the Alabama Supreme Court on the matter of Alabama's personal jurisdiction over him did not effect claim preclusion ("res judicata") but effected only issue preclusion ("collateral estoppel"), (b) the Full Faith and Credit Clause does not require issue preclusion ("collateral estoppel") to apply when the party against whom the earlier decision is asserted *93 did not have a "full and fair opportunity" to litigate that issue in the earlier case,[2] and (c) Baker did not have a full and fair opportunity to litigate in Alabama the issue of that state's personal jurisdiction over him because the Alabama Supreme Court sua sponte decided that issue on a theory entirely different from the theory presented in the trial court and argued on the appeal, and then, when Baker sought reconsideration, denied him the opportunity to be heard on the theory adopted by the court.
That Baker had full and fair opportunity to litigate the issue of Alabama's in personam jurisdiction over him cannot be denied  he, indeed, argued the issue extensively in both the trial and appellate courts of Alabama. We find unpersuasive his argument that the lack of opportunity to challenge the reasoning of the Alabama Supreme Court in reaching its decision equates to lack of opportunity to litigate the issue of jurisdiction.[3] The fact that the decision of that court may have been based on a legal theory neither briefed nor argued does not render the decision any less binding under principles of issue preclusion than would be the case had the decision been erroneous on the facts or law, or been rendered without any written opinion whatever.
Whether the trial court of Alabama had personal jurisdiction over Baker was an issue squarely presented to the Alabama Supreme Court and that court has decided the issue, correctly or not, adverse to Baker's contention. A foreign judgment is entitled to full faith and credit in Florida, even as to a question of the rendering court's jurisdiction, when that question has been expressly litigated and decided by the rendering court.[4]
The Bennetts' appeal is from an order quashing levy on certain property alleged to have been subject to writ of execution issued on the judgment. We find no error in that order and therefore affirm it.
AFFIRMED.
POLEN and KLEIN, JJ., concur.
NOTES
[1] Though the trial court's summary judgment does not so recite, it is evident that the trial court concluded that the issue of Alabama's in personam jurisdiction over Baker had been put to rest by the decision of the Alabama Supreme Court.
[2] Allen v. McCurry, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).
[3] It is elementary that an appellate court is concerned with the correctness of the trial court's action and will affirm that action if there is any theory of law which will support it, whether argued or not.
[4] Durfee v. Duke, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963). Haas v. Haas, 59 So.2d 640 (Fla. 1952).