BENTON, Judge.
Haydee Rodriguez appeals the summary final judgment dismissing the suit she brought against her former husband, Alfred Nasrallah, in order to enforce in Florida a judgment she obtained in Puerto Rico. The trial court declined to give the foreign judgment effect, while conceding that “it appears that the Superior Court [of Puerto Rico] had jurisdiction to enter the instant judgment.” (The jurisdictional question was itself litigated in Puerto Rico, and became the subject of a final judgment entered there.) In the circumstances, we believe that a federal statute requires that we reverse the summary judgment.
After their marriage in Jacksonville in 1961, Mr. and Mrs. Nasrallah moved to Puer-to Rico where they lived while they were married. The marriage ended when the Superior Court of Puerto Rico entered a divorce judgment on October 20, 1980. Case No. RF-78-8741 (San Juan Part). In the wake of the dissolution of the marriage, Mr. Nasrallah returned to Florida in 1981. Remaining in Puerto Rico, Ms. Rodriguez initiated legal proceedings that eventuated in the judgment she seeks to enforce here.

Proceedings in Puerto Rico

On April 19, 1982, Ms. Rodriguez filed in the Superior Court of Puerto Rico for liquidation and division of the parties’ marital property. She effected constructive service on Mr. Nasrallah by publication and mailing, under Rule 4.5, Puerto Rico Rules of Civil Procedure, which authorizes such service in certain circumstances provided that a “verified complaint ... states a claim justifying the granting of some relief against the person to be served or that the person to be served is a proper party to the action.” Mr. Nasrallah made no appearance in Case No. 82-1542 (502) until after final judgment had been entered.
On November 10,1982, the Superior Court of Puerto Rico entered a default judgment against Mr. Nasrallah and in favor of Ms. Rodriguez in the amount of $5,000,000, and allowed $212,000 “against such amount” for real estate Mr. Nasrallah still owned in Puer-to Rico which the court awarded Ms. Rodriguez. Case No. 82-1542 (502) (Bayamon Part). Although arguably in rem as to the specified real estate, the judgment was oth *439 erwise unmistakably in personam only. It contained a finding that Mr. Nasrallah’s agent received copies of the complaint and summo'ns.
On September 26, 1986, Mr. Nasrallah filed a motion in the Superior Court of Puer-to Rico to vacate the default judgment in Case No. 82-1542 (502). The Superior Court of Puerto Rico granted the motion to vacate, concluding that it had “never acquired jurisdiction over the defendant,” Mr. Nasrallah, in Case No. 82-1542 (502).
By petition for certiorari to the Supreme Court of Puerto Rico, Ms. Rodriguez sought review of the order (resolución) vacating the default judgment. After Mr. Nasrallah had appeared in the Supreme Court of Puerto Rico, that court reinstated the November 10, 1982, default judgment entered by the Superior Court of Puerto Rico, explicitly rejecting the contention that Ms. Rodriguez had not complied with Rule 4.5, Puerto Rico Rules of Civil Procedure, and discussing underlying federal constitutional questions. Rodriguez v. Nasrallah, Case No. CE-86-110, p. 5-6 (P.R. Dec. 19, 1986).

Proceedings in Florida

Ms. Rodriguez instituted the present proceeding to enforce the November 10, 1982, judgment entered by the Superior Court of Puerto Rico in case no. 82-1542 (502). On grounds that the Superior Court of Puerto Rico “lacked in personam jurisdiction” to enter the November 10, 1982 judgment against him, Mr. Nasrallah opposed giving effect to the Puerto Rico judgment in Florida, and moved for summary judgment in his favor. Ms. Rodriguez responded that the dispute over whether the Superior Court of Puerto Rico had in personam jurisdiction to enter the November 10, 1982 judgment against Mr. Nasrallah had been conclusively resolved in her favor. She contends that the judgment of the Supreme Court of Puerto Rico is res judicata on the jurisdictional question.
In the summary final judgment here appealed, the trial court recognized the pertinence of res judicata in this context:
A judgment of a competent court, which has jurisdiction of the parties and the sub-jeet matter, is res judicata as to all issues before it. Sherbill v. Miller Manufacturing Co., 89 So.2d 28 (Fla.1956). Such a judgment in a dissolution proceeding is res judicata as to all property rights of the parties which could have or should have been adjudicated in that proceeding. Walker [v. Walker], 566 So.2d [1350] at 1352 [ (Fla. 1st DCA 1990) ]; Dusesoi [v. Dusesoi], 498 So.2d [1348] at 13[49] [ (Fla. 2d DCA 1986) ]. On this point, the Florida Supreme Court stated:
Where a trial court has acquired jurisdiction to adjudicate the respective rights and obligations of the parties, a final judgment of dissolution settles all such matters as between the spouses evolving during the marriage, whether or not these matters were introduced in the dissolution proceeding and acts as a bar to any action thereafter to determine such rights and obligations.
Davis v. Dieujuste, 496 So.2d 806 (Fla. 1986). However, if a foreign court never had in personam jurisdiction over the nonresident spouse, the court could not adjudicate the alimony and property rights between the parties. Binger v. Binger, 555 So.2d 373 (Fla. 1st DCA 1989). Thus, the foreign judgment would not be res judicata on those issues in a subsequent action in another state. Id.
While observing that a judgment rendered by a court lacking jurisdiction should not be given effect, the trial court acknowledged the binding effect of foreign judgments to which full faith and credit are owed. See Vanderbilt v. Vanderbilt, 354 U.S. 416, 418-19, 77 S.Ct. 1360, 1362-63, 1 L.Ed.2d 1456 (1957).
Judgments of courts in Puerto Rico are entitled to full faith and credit in the same manner as judgments from courts of sister States. Heritage Corp. of South Florida v. Rivas, 289 So.2d 432, 434 (Fla. 3d DCA 1974); accord Americana of Puerto Rico v. Kaplus, 368 F.2d 431 (3d Cir.1966), cert. denied sub nom., Kaplus v. Americana of Puerto Rico, Inc., 386 U.S. 943, 87 S.Ct. 977, 17 L.Ed.2d 874 (1967); Rocca v. Royal Bank of Canada, P.R., Inc., 726 F.Supp. 15 (D.P.R. *440 1989). A federal statute so provides. 28 U.S.C. § 1738.
The summary final judgment nevertheless declined to give full faith and credit to the judgment Ms. Rodriquez seeks to enforce in Florida:
In refusing to recognize the instant judgment, this Court is not directly questioning the validity of the jurisdictional basis of the Puerto Rico court as far as that territory is concerned. Under the laws of Puerto Rico, it appears that the Superior Court had jurisdiction to enter the instant judgment. Incidentally, under similar circumstances, a Florida court would probably recognize constructive service as a valid basis for obtaining jurisdiction over the subject matter and the parties in the underlying case.
Without citing any authority for the proposition, the summary final judgment ruled:
The question of whether the Puerto Rico court had jurisdiction over Nasrallah in the action for the liquidation of the marital property is not determinative of the instant case. It is dispositive that Florida refuses to enforce a foreign judgment adjudicating a personal obligation against a defendant where the action was based on constructive service and the defendant never had his day in court.
We reject this approach because the Full Faith and Credit Clause requires that Florida give full effect to the judgments of sister States without regard to whether the foreign court reached the same result that would have obtained if the matter had been litigated in Florida. Under the statute, the same principle applies with respect to judgments of the courts of Puerto Rico.

Full Faith and Credit Owed Final Jurisdictional Adjudication

That the Supreme Court of Puerto Rico, which finally adjudicated the jurisdictional question, had in personam jurisdiction of both parties when it did so is clear: Mr. Nasrallah voluntarily appeared. The judgment of the supreme court is res judicata, no less than the judgment of the superior court that it reinstated. See Durfee v. Duke, 375 U.S. 106, 111-12, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963); Haas v. Haas, 59 So.2d 640 (Fla.1952). Full faith and credit are owed not only to the November 10,1982, judgment entered by the Superior Court of Puerto Rico, but also to the judgment of the Supreme Court of Puerto Rico.
Mr. Nasrallah elected to litigate the jurisdictional question in Puerto Rico, and is bound by the result.
Where a defendant makes a special appearance to challenge the jurisdiction of a court, and the court overrules the objection and determines that it does have jurisdiction, that decision is res judicata and precludes collateral attack on the judgment, even though the ruling may have been erroneous on the facts or law. See 5 Am. Jur.2d Appearance § 4 (1962). An aggrieved defendant must seek reversal in an appellate court of the state involved or, if he is unsuccessful there, in the Supreme Court of the United States. However, he cannot later attack the judgment on jurisdictional grounds if he does not avail himself of those remedies, or if the judgment is affirmed, or if the appellate court or the Supreme Court of the United States declines to consider the case. See Baldwin v. Iowa State Traveling Men’s Association, 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244 (1931); see also Sherrer v. Sherrer, 334 U.S. 343, 68 S.Ct. 1087, 92 L.Ed. 1429 (1948); Chicago Life Insurance Co. v. Cherry, 244 U.S. 25, 37 S.Ct. 492, 61 L.Ed. 966 (1917).
Baker v. Bennett, 633 So.2d 91, 92 (Fla. 4th DCA), review denied, 641 So.2d 1344 (Fla.), cert. denied, — U.S.—, 115 S.Ct. 580, 130 L.Ed.2d 495 (1994). Whether a different result would have obtained if Mr. Nasrallah had litigated the jurisdictional question in Florida we need not decide.
The decision in Dusesoi v. Dusesoi, 498 So.2d 1348 (Fla. 2d DCA 1986) is on point. There the wife sued for divorce in Florida. The husband filed in Texas immediately thereafter, and the Texas court entered a final decree before the Florida court entered final judgment. In the Florida proceeding, the (former) wife questioned the jurisdiction *441 of the Texas court, which had ordered the division of marital property.
In the Texas suit the husband purportedly obtained substituted service upon the wife.... The wife argues that the husband’s service upon the wife was not valid because the substituted service was on an office receptionist at the wife’s place of business and not upon any of the persons designated in section 48.031, Florida Statutes (1985)- The wife entered a special appearance in Texas and filed a motion contesting the jurisdiction of the Texas court. The Texas court denied her motion. There is no indication in the record that she appealed from that denial or from the Texas decree. Under these circumstances Florida must give full faith and credit to the Texas decree....
498 So.2d at 1349. The Texas court’s decision on the jurisdictional question did not, as far as can be told from the opinion, turn on any factual dispute, nor did denial of Mrs. Dusesoi’s motion entail discussion of the grounds she urged, again as far as can be told from the Florida appellate opinion.
On appeal here, Mr. Nasrallah contends that the jurisdictional question is still open for decision by a Florida court because no dispositive fact question was litigated in Puerto Rico, citing dicta in Rhoades v. Bohn, 114 So.2d 493, 497 (Fla. 1st DCA 1959). But the Superior Court of Puerto Rico did initially determine, as a factual matter, that Mr. Nasrallah’s agent (like the receptionist where Mrs. Dusesoi worked) had received copies of the summons and complaint. After Mr. Nas-rallah’s appearance, moreover, the question was revisited.
Florida does not have the constitutional latitude to condition acceptance of foreign judgments on circumstances not contemplated by Article 4, Section 1 of the United States Constitution. The test under the Full Faith and Credit Clause is the effect an adjudication has in the rendering jurisdiction.
The concept of full faith and credit is central to our system of jurisprudence. Ours is a union of States, each having its own judicial system capable of adjudicating the rights and responsibilities of the parties brought before it. Given this strue-ture, there is always a risk that two or more States will exercise their power over the same case or controversy, with the uncertainty, confusion, and delay that necessarily accompany relitigation of the same issue. See Sherrer v. Sherrer, 334 U.S. 343, 355, 68 S.Ct. 1087, 1092, 92 L.Ed. 1429 (1948); Riley v. New York Trust Co., 315 U.S. 343, 348-349, 62 S.Ct. 608, 611-612, 86 L.Ed. 885 (1942). Recognizing that this risk of relitigation inheres in our federal system, the Framers provided that “Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State.” U.S. Const., Art. IV, § 1. This Court has consistently recognized that, in order to fulfill this constitutional mandate, “the judgment of a state court should have the same credit, validity, and effect, in every other court of the United States, which it had in the state where it was pronounced.” Hampton v. McConnel, 3 Wheat. 234, 235, 4 L.Ed. 378 (1818) (Marshall, C.J.)
Underwriters Nat’l Assurance Co. v. North Carolina Life and Accident and Health Ins. Guar. Ass’n, 455 U.S. 691, 703-04, 102 S.Ct. 1357, 71 L.Ed.2d 558 (1982). “This construction is also compelled by 28 U.S.C. § 1738, the statutory codification of this constitutional guarantee,” 455 U.S. at 704 n. 9, 102 S.Ct. at 1366 n. 9, applicable here by virtue of the Supremacy Clause.
Mr. Nasrallah also contends on appeal that the jurisdictional question was not “expressly decided” in Puerto Rico. But the Supreme Court of Puerto Rico did expressly decide the jurisdictional question, whether or not it expressly addressed every theory on which jurisdiction might have been questioned. In Baker v. Bennett, Baker sought to vacate an Alabama judgment recorded in Florida on the ground that the Alabama trial court that rendered it had never obtained personal jurisdiction over him. While the motion to vacate was pending in circuit court in Florida, the Supreme Court of Alabama upheld the lower Alabama court’s ruling that it had properly exercised in personam jurisdiction over Baker. Baker v. Bennett, 603 So.2d 928 (Ala.1992). Baker contended that *442 the Alabama Supreme Court’s decision did not preclude his challenging the Alabama court’s jurisdiction in Florida because, inter alia, the Alabama Supreme Court had decided the jurisdictional issue on a different theory than the one raised in the Alabama trial court and on appeal there. 633 So.2d at 92-93. The Fourth District concluded that the
fact that the decision of [the Alabama Supreme Court] may have been based on a legal theory neither briefed nor argued does not render the decision any less binding under principles of issue preclusion than would be the case had the decision been erroneous on the facts or law, or been rendered without any written opinion whatever.
[wjhether the trial court of Alabama had personal jurisdiction over Baker was an issue squarely presented to the Alabama Supreme Court and that court has decided the issue, correctly or not, adverse to Baker’s contention. A foreign judgment is entitled to full faith and credit in Florida, even as to a question of the rendering court’s jurisdiction, when that question has been expressly litigated and decided by the rendering court.
Id. at 93. While the record in the present proceeding does not contain the briefs filed in the Supreme Court of Puerto Rico or a transcript of what was argued there, Baker teaches that what is pertinent is whether the question of jurisdiction was “expressly litigated and decided.” Id. A decision of the jurisdictional question at the highest level clearly took place in Puerto Rico as the result of litigation in which Mr. Nasrallah participated. It is inconceivable that the jurisdictional question is still open in Puerto Rico. It cannot, therefore, be open in Florida. The trial court erred in granting Mr. Nasrallah’s motion for summary judgment, and in failing to give the judgment of the Superior Court of Puerto Rico full faith and credit.
The final summary judgment in favor of Mr. Nasrallah is reversed and the case is remanded for further proceedings consistent with this opinion.
ALLEN, J., concurs.
LAWRENCE, J., concurs in result only.